IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROY S. JOHNSON,    Plaintiff, | § § § | |
| v. | § § | 3:15-CV-3063-B-BK |
| VETERANS ADMINISTRATION, et al.,    Defendants. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff filed a *pro se* complaint. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed for failure to state a non-frivolous claim.

**I. BACKGROUND**

On September 21, 2015, Plaintiff filed a *pro se* complaint naming as Defendants the Veterans Administration (VA), U.S. Congressman Eddie Bernice Johnson, the Department of Veterans Affair, and Parkland Memorial Hospital. Doc. 3 at 1-2.

The complaint is difficult to decipher and nonsensical. Plaintiff complains of events beginning in the late 1970s through the early 1990s, and stemming from treatment he received for various maladies and mental illnesses at VA hospitals in Waco and Dallas, Texas. Doc. 3 at 3-7. He references "fraud injury murder and conspiracy" and maintains that, as a result of careless behavior, the VA hospital in Waco "implanted a microchip in [a] dental filling" which has caused him "symptoms of torture." Doc. 3 at 3-4. Plaintiff requests damages for economic and mental injuries and remittance of any funds paid to the Defendants. Doc. 1 at 8-10.

1

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under [28 U.S.C. § 1915(e)(2)(B)](). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." [*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)](). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" [*Denton v. Hernandez*, 504 U.S. 25, 32 (1992)](). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." [*Id.* at 33]().

Here, Plaintiff's factual contentions are clearly baseless. Plaintiff does not present a logical set of facts to support any claim for relief. His allegations that a microchip was installed in a dental filling and that individuals at the two VA hospitals engaged in fraud, murder, and conspiracy, over twenty years ago, are wholly based on a delusional or fanciful scenario. Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous. *See* [*Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011)](), *accepting recommendation*, [2011 WL 3347906 (N.D. Tex. Jul. 29, 2011)]() (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED October 8, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE